UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MAXHIMER MANAGEMENT SERVICES, INC., | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. 2:16-CV-98 |
| v. | § § | |
| LANDMARK AMERICAN INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, INC., AND SCOTT LILES, | § § § § | |
| Defendants. | § § § § § | |

## DEFENDANT LANDMARK'S AND ENGLE MARTIN'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendants Landmark American Insurance Company ("Landmark") and Engle Martin & Associates, Inc. ("Engle Martin") hereby remove the action styled and numbered, *Maxhimer Management Services, Inc. v. Landmark American Insurance Company, Engle Martin & Associates, Inc., and Scott Liles*, Cause No. 16-02-55614-CV, currently pending in the 79th Judicial District Court, Jim Wells County, Texas to the United States District Court for the Southern District of Texas, Corpus Christi Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I.   THE STATE COURT ACTION

1. On February 12, 2016, Maxhimer Management Services, Inc. ("Plaintiff") filed its Original Petition in Cause No. 16-02-55614-CV against Landmark, Engle Martin, and Scott Liles.

2. Plaintiff's Original Petition alleges causes of action against Landmark for breach of contract, violations of Chapter 542 of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing and alleges causes of action against *all Defendants* for violations of Chapters 541 of the Texas Insurance Code, fraud, and conspiracy to commit fraud.[1]

## II.     DEFENDANTS' NOTICE OF REMOVAL IS TIMELY

3. Plaintiff served Engle Martin with suit on February 22, 2016. Plaintiff served the Texas Secretary of State on behalf of Landmark on February 23, 2016. Landmark received notice from the Texas Secretary of State on March 10, 2016. Plaintiff served Defendant Scott Liles with suit on March 22, 2016.

4. Landmark and Engle Martin filed their Answers on March 11, 2016. Liles' answer is not yet due.

5. No further pleadings have been filed, and no proceedings have yet occurred in the Jim Wells County action. Landmark and Engle Martin, therefore, timely file this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

6. Landmark and Engle Martin need not obtain Liles' consent to removal as Landmark and Engle Martin contend Liles was improperly joined.[2] Nevertheless, Liles consents to this removal.

## III.    VENUE IS PROPER

7. Venue is proper in the United States District Court for the Southern District of Texas, Corpus Christi Division, under 28 U.S.C. §§ 124(a)(5) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

---

[1] *See* Plaintiff's Original Petition, attached as **Exhibit B**.

[2] *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

## IV.   PARTIES

8. Plaintiff is a Texas corporation with a principal place of business in Nueces County, Texas, and is thus a resident and citizen of Texas for purposes of diversity of citizenship.[3]

9. Landmark American Insurance Company is an insurer whose principal place of business is Oklahoma and whose state of incorporation is Oklahoma. Landmark is a citizen of the state of Oklahoma for purposes of diversity of citizenship.

10. Defendant Engle Martin is a Georgia corporation with its principal place of business in Atlanta, Georgia. For purposes of diversity of citizenship, Engle Martin is a citizen of Georgia.

11. Because Scott Liles was improperly joined as a defendant in this action, his citizenship should be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff and Defendants (now and on the date Plaintiff filed this lawsuit).

## V.   BASIS FOR REMOVAL

12. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332.

13. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and the only properly-joined Defendants, Landmark and Engle Martin, and because the amount in controversy greatly exceeds $75,000 excluding interest, costs and attorneys' fees. Concurrently with filing this lawsuit,

---

[3] *See* **Exhibit G** (Maxhimer Management Services, Inc.'s Yearly Franchise Tax Report to the Texas Secretary of State).

Plaintiff sent a demand letter to Defendants demanding payment of $300,000, which included $200,000 for alleged building damage and $100,000 for expenses, including attorneys' fees.[4] Therefore, Plaintiff's claim exceeds the amount required to support federal jurisdiction.

14. Diversity of citizenship exists when a suit is between citizens of different states or citizens of a state and citizens of a foreign state. 18 U.S.C. § 1332(a)(1)-(2).

15. Accordingly, there is now, and was at the time this action was filed, complete diversity between Plaintiff and the only properly-joined Defendants, Landmark and Engle Martin. The citizenship of the improperly-joined defendant, Scott Liles, should be disregarded for purposes of determining whether diversity jurisdiction exists.[5]

16. Removal jurisdiction is determined on the basis of the claims in the state court pleading as it exists at the time of removal.[6] To establish that a non-diverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must show either (1) that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant under state law, or (2) actual fraud in the pleading of jurisdictional facts.[7] Here, the first applies. A comparison of the complaint at issue with the complaints analyzed in the opinions of federal district courts around Texas demonstrates Scott Liles' improper joinder. A "reasonable possibility" is more than a mere hypothetical possibility that an action against the non-diverse defendant *could* exist.[8]

---

[4] See **Exhibit H-1**, page 3.

[5] *See Heritage Bank v. Redcom Labs, Inc.*, 250 F.3d 319, 323 (5th Cir. 2001); *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 389-90 (5th Cir. 2000).

[6] *See Cavallini v. State Farm Mutual,* 44 F.3d 256, 262 (5th Cir. 1995); *Castellanos v. Bridgestone Corp.,* 215 F.Supp.2d 862, 864 (S.D. Tex. July 22, 2012).

[7] *Melder v. Allstate Corp.,* 404 F.3d 328, 330 (5th Cir. 2005); *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

[8] *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

17.     Under this standard, there is no reasonable basis for predicting that Plaintiff might establish liability against Liles. Specifically, the vast majority of Plaintiff's factual allegations against Liles refer to all Defendants, Landmark, Engle Martin, and Liles, generically, without any distinction between the alleged acts and/or omissions by the Liles himself or between Liles and Defendants Landmark and Engle Martin. These allegations do not specifically allege any independent actions or omissions purportedly committed by Liles. As such, these claims are baseless in both law and fact. [9]

18.     There are a few factual allegations against Scott Liles individually contained in Plaintiff's Original Petition, namely, that Scott Liles: (1) "[was] improperly trained and failed to perform a reasonable or adequate inspection of the damages"; (2) Liles severely undervalued the damage to the property and also made the decision to deny some of Plaintiff's covered damages;" and (3) "Liles' estimate [ ] failed to account for many of the exterior elevation damages to numerous units on the property. Specifically, the estimate omitted damages the doors, screens, and light fixtures on the property. In addition, the estimate failed to provide amounts for the

---

[9]   *See Leinneweber v. Unicare Life & Health Ins. Co.*, No. A-09-CA-657-SS, 2009 WL 3837873 (W.D. Tex., Mov. 12, 2009) (finding fraudulent joinder where the factual allegations in the complaint were mere recitations of the elements of the causes of action all directed to generic defendants); *Nasti v. State Farm Lloyds*, NO. 4:13–CV–1413, 2014 WL 710458 (S.D. Tex. Feb. 19, 2014) (where petition alleged that adjuster inspected subject property and submitted an undervalued estimate to insurer "the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster"); *Jones v. Allstate Ins. Co.*, No. 3:13–cv–4027–BN, 2014 WL 415951 (N.D. Tex. Feb. 4, 2014) (finding improper joinder because "simply stating that 'Defendants' made misrepresentations, failed to comply with the law, or refused to perform a duty under the law is not sufficient"); *Messersmith v. Nationwide Mut. Fire Ins. Co.,* 3-13-CV-4101-P, 2014 WL 1347872 (N.D. Tex. Apr. 7, 2014) (allegations of misrepresentations about the facts giving rise to a claim were not sufficient to state claim for violations of the Texas Insurance Code); *Van Tassel v. State Farm Lloyds*, No. 4:12–CV–3711, 2013 WL 5152324 (S.D. Tex. Sept. 11, 2013) (allegations that an inspector conducted a substandard investigation that led to an underpayment of claims found to be indistinguishable from claims against the insurer); *Leinneweber v. Unicare Life & Health Ins. Co.*, No. A-09-CA-657-SS, 2009 WL 3837873 (W.D. Tex., Mov. 12, 2009) (finding fraudulent joinder where the factual allegations in the complaint were mere recitations of the elements of the causes of action all directed to generic defendants), *Green v. Nationwide Mut. Ins.Co.*, No. A–12–CV–600 LY, 2012 WL 5188031 (W.D. Tex, Oct. 17, 2012) (finding improper joinder where the original petition failed to allege any individual acts by the improperly joined party that would indicate a violation of the Texas Insurance Code or the DTPA).

damage to Plaintiff's fencing. Furthermore, the estimate provided a minimal amount to comb and straighten the fins of the multiple H.V.A.C. units on the property despite the need for their replacement." But these three bare allegations are insufficient. Under well-settled Texas law, there can be no liability for violations of the Texas Insurance Code unless there is an *independent injury* to the plaintiff that is *separate* from the contractual damages arising from the carrier's alleged breach of contract.[10] Absent actual damages other than the unpaid policy benefits, there is no cause of action under Section 541 of the Texas Insurance Code.[11]

19. Because there is no reasonable basis for predicting that Plaintiff might establish liability against him, Liles is improperly joined in the instant action in an attempt to defeat diversity jurisdiction. His citizenship should thus be ignored for removal purposes.

## VI.   COMPLIANCE WITH 28 U.S.C. §1446

20. In accordance with 28 U.S.C. 1446(a) and Southern District of Texas Local Rule 81, Defendants file this Notice of Removal accompanied by the following exhibits:

- All executed process in the case, attached as ***Exhibit A***.

- Plaintiff's Original Petition, attached as ***Exhibit B***.

- Defendants Landmark's and Engle Martin's Original Answer, attached as ***Exhibit C.***

- State Court Docket Sheet, attached as ***Exhibit D***.

- Index of Matters Being Filed, attached as ***Exhibit E***.

- List of Counsel of Record, attached as ***Exhibit F***.

---

[10]   *See, e.g., Charla D. Aldous, PC v. Lugo*, No. 3:13-CV-3310-L, 2014 WL 5879216, *4-6 (N.D. Tex., Nov. 12, 2014).

[11]   *See, e.g., Messersmith v. Nationwide Mut. Fire Ins. Co.,* 7:12-cv-00133-O, 2014 WL 3406686 (N.D. Tex. July 14, 2014) (finding no reasonable possibility of recovery against an independent adjuster for, in part, lack of independent injury).

## VII. JURY DEMAND

21. Plaintiff demanded a jury trial in the state court action.

## VIII. CONCLUSION

22. Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

23. Therefore, Defendants hereby provide notice that this action is duly removed.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Shannon M. O'Malley*
Shannon M. O'Malley
Texas Bar No. 24037200
SOMalley@zelle.com
Lindsey P. Bruning
Texas Bar No. 24064967
LBruning@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone: (214) 742-3000
Facsimile: (214) 760-8994

**ATTORNEYS FOR DEFENDANTS
LANDMARK AMERICAN INSURANCE COMPANY
AND ENGLE MARTIN & ASSOCIATES, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Notice of Removal has been served this 23rd day of March, 2016, by electronic filing as follows:

David M. Anderson
Andrew C. Cook
**COOK & ANDERSON LAW FIRM, PLLC**
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas 78401, Texas 78249
(361) 884-4433 – phone
(361) 884-4434 – fax
anderson@ccatriallaw.com
cook@ccatriallaw.com

**ATTORNEYS FOR PLAINTIFF
MAXHIMER MANAGEMENT SERVICES, INC.**

 */s/ Lindsey P. Bruning*
Lindsey P. Bruning